UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSHUA SHAWN TERWILLEGAR,** individually and in his capacity as the Administrator of the Estate of Trampas Shane Terwillegar | **CIVIL ACTION** |
| **VERSUS** | **NO:     07-01376** |
| **OFFSHORE ENERGY SERVICES, INC. and ERA AVIATION, INC.** | **SECTION: "C" (4)** |

### ORDER

Before the Court is **Non-Party Tonya Terwillegar's Motion for Expedited Hearing on Motion to Quash, to Modify, and for Protection (R. Doc. 50)**, filed by the non party, Tonya Terwillegar ("Tonya"), seeking expedited hearing of **Non-Party Tonya Terwillegar's Motion to Quash, to Modify, and for Protection from Records Deposition Notice (R. Doc. 49)**. In Tonya's motion to quash, she seeks protection from the Defendant's records depositions, which request her private and personal bank account records for a ten (10) year timespan. The Court grants Tonya's request for expedited consideration of her motion to quash and for a protective order, and considers it below.

**I.     Background**

This action aries from a helicopter crash on March 23, 2004, offshore from Galveston, Texas, in which all crew members and passengers were killed, including Trampas Shane Terwillegar ("Trampas"). (R. Doc. 1.) The helicopter was transferring workers from shore to the offshore drilling ship, the M/V DISCOVERER SPIRIT. (R. Doc. 1.)

The Plaintiff, Joshua Shawn Terwillegar ("Joshua"), brings the subject suit under the Jones Act, 46 U.S.C. §§ 688, *et seq.*, the Death on the High Seas Act, 46 U.S.C. §§ 761, *et seq.*, and general maritime law, both individually, and as the administrator of the estate of his brother, Trampas. (R. Doc. 1.) Joshua alleges that the Defendants, including Trampas's employer, the offshore oil drilling companies, helicopter airline company, helicopter manufacturers, and helicopter chartering company, acted negligently and with fault, therefore causing the helicopter crash. (R. Doc. 1.) Joshua is the sole surviving relative of Trampas. (R. Doc. 1.)

On May 8, 2008, the Defendant, Era Aviation, Inc. ("Era"), noticed two records depositions of Iberia Bank and Rayne State Bank & Trust Co. ("Rayne Bank"), requesting that the banks produce for inspection on June 2, 2008 "[c]opies of bank account records of Tanya Thompson Meche Terwillegar . . . including copies of statements, check stubs, deposit slips, etc. from 1995 - 2005." (R. Doc. 49-2, Exs. A-1, p. 2, A-2, p. 5.)

In her motion, Tonya, a non-party in this matter, clarifies her relationship to Plaintiff in the subject proceedings. She asserts that she and Joshua, the Plaintiff in this action, first met in 1997 and cohabitated for one year, between 1999 and 2000. (R. Doc. 49-3, p. 3.) She indicates that they had a child on June 23, 1999 and were married on July 20, 2002. (R. Doc. 49-3, p. 2.) With those facts in mind, Tonya brings the subject motion, contending that the requested discovery is irrelevant and burdensome because Era requests her personal financial information for a period of two years before she even met Joshua and seven years before she married Joshua in 2002.

Furthermore, Tonya contends that Era already sought and secured discovery regarding Joshua's income sources from (1) two sets of interrogatories and document production requests, (2) Joshua's authorization for Era to access his tax returns and social security earnings information for

1996 through 2006, (3) Joshua's relevant employment records, and (4) Joshua's deposition. Therefore, Tonya seeks to quash Era's deposition notices, or to modify the notices so that Era does not seek any information that precedes her July 2002 marriage to Joshua, and for appropriate equitable relief.

## II.  Standard of Review

Federal Rule of Civil Procedure ("Rule") 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." The Rules specify that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Hebert v. Lando,* 441 U.S. 153, 176 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Furthermore, "it is well established that the scope of discovery is within the sound discretion of the trial court." *Coleman v. American Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994).

The decision to enter a protective order is within the Court's discretion. *Thomas v. Int'l Bus. Mach.*, 48 F.3d 478, 482 (10th Cir. 1995). Rule 26(c) governs the issuance of protective orders. It provides in pertinent part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending--or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.

Fed. R. Civ. P. 26(c).

Rule 26(c), however, contains a requirement that good cause be shown to support the issuance of a protective order, providing that "the burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998).

Rule 45 governs the issuance of subpoenas, and provides that on timely motion, the issuing court must quash or modify a subpoena if it requires disclosure of privileged or other protected matter, or otherwise subjects the subpoenaed person to undue burden. Fed. R. Civ. P. 45(c)(3). Additionally, parties or attorneys who issue and serve a subpoena "must take reasonable steps to avoid imposing an undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(c)(1). Furthermore, the Rule 45(c)(1) provides that the "issuing court must enforce this duty and impose an appropriate sanction–which may include lost earnings and reasonable attorney's fees–on a party or attorney who fails to comply."

A motion to quash or modify a subpoena under Rule 45(c)(3) may ordinarily be made by the person to whom the subpoena is directed because only that person has standing to attack the subpoena. *Kiger v. Plaisance Dragline*, Civ. A. 04-3453, 2006 WL 3228289, at *1 (E.D. La. Nov. 2, 2006) (Roby, J.). However, a party, though not the person to whom a subpoena is directed and not in possession or control of the requested materials, does have standing if he or she has a personal right or privilege in respect to the subject matter of the subpoena or a sufficient interest in it. *Id*.

**III.    Analysis**

After considering the aforementioned information, the Court quashes Era's deposition notices and protects Tonya's financial information from discovery. Here, while Tonya is not the person to whom which the subpoena was directed, the Court finds that she has standing to challenge the subpoenas because she has a personal right regarding her financial information that is in the

possession of Rayne and Iberia Banks. Therefore, the Court considers Tonya's contentions in light of the governing authority below.

Joshua has testified and Tonya alleges that they did not meet until 1997, and yet, Era seeks information beginning from 1995, two years prior. Furthermore, Tonya contends that she did not commingle her finances with Joshua in the years 1997 to 1999, and 2000 until they married in 2002. Given this information, any requested financial information regarding Tonya from those periods are irrelevant to proving Joshua's finances or economic situation, and therefore irrelevant to the case at hand. Therefore, the Court finds that Era's request for Tonya's personal financial information for these periods subjects Tonya to annoyance, embarrassment, oppression, and undue burden to warrant the Court's issuance of a protective order, shielding Tonya from these discovery inquiries. The Court further quashes Era's subpoenas to Rayne and Iberia Bank because they seek this irrelevant information.

**IV.   Conclusion**

Accordingly,

**IT IS ORDERED** that **Non-Party Tonya Terwillegar's Motion for Expedited Hearing on Motion to Quash, to Modify, and for Protection (R. Doc. 50)** is **GRANTED**.

**IT IS FURTHER ORDERED** that **Non-Party Tonya Terwillegar's Motion to Quash, to Modify, and for Protection from Records Deposition Notice (R. Doc. 49)** is **GRANTED**.

New Orleans, Louisiana, this 29th day of May 2008

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**